Diego, Melitón y Florentina Vicente, demandantes y apelantes, v. Aureliano Gutiérrez, demandado y apelado.

No. 4214.—*Visto:* Junio 7, 1927. *Resuelto:* Julio 22, 1927.

1. Evidencia—Admisiones—Prueba y Efecto—Efecto en General—Admisiones en Cuanto a Traspasos en General.—Otorgada por una viuda escritura de reconocimiento de traspasos anteriores por su marido a favor de una persona, con las formalidades de ley, el mero hecho de ésta no firmar dicha escritura no vicia su admisión de que las manifestaciones en él contenidas eran verdaderas y correctas.

2. Comunidad de Bienes—Derechos, Deberes y Responsabilidades Mutuas de los Co-propietarios—Posesión Adversa por Parte de Ellos—Carácter Hostil de la Posesión.—Otorgada por una viuda escritura de reconocimiento de traspasos anteriores por su marido a favor de un hijo y heredero de la persona a cuyo favor se hicieron dichos traspasos, en posesión de los bienes de su causante a la fecha del otorgamiento, si bien dicha escritura demuestra que en dicha fecha el hijo y heredero mencionado estaba en posesión como

tal y en virtud de tal título, de ella no se desprende que tal posesión y título sean adversos a los demás coherederos y co-propietarios de la finca.

3. DESCENDENCIA Y DISTRIBUCIÓN—DERECHOS Y RESPONSABILIDADES DE HEREDEROS Y "DISTRIBUTEES"—NATURALEZA Y ESTABLECIMIENTO DE LOS DERECHOS EN GENERAL—ACCIONES EJERCITADAS POR LOS HEREDEROS—SOBRE DECLARACIÓN DE DERECHOS HEREDITARIOS Y PROINDIVISOS.—Considerada la prueba y circunstancias concurrentes del caso de autos *se resolvió* la misma era suficiente para establecer un caso *prima facie.*

SENTENCIA de *Rafael López Antongiorgi,* J. (Guayama), desestimando la demanda, con costas. *Revocada,* devolviéndose el caso.

*Jesús J. Vergne* y *G. Cruzado Silva,* abogados de los apelantes; *Miguel Marcos Morales,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandantes apelan contra una sentencia declarando sin lugar la demanda dictada resolviendo una moción de *nonsuit,* y alegan que la corte inferior erró al declarar la prueba insuficiente para establecer el título de los demandantes y para identificar el terreno en controversia.

Parece no haber disputa alguna en cuanto al interés ni en cuanto a la relación de las partes como herederos de un supuesto antecesor común. El juez sentenciador especifica como fundamento principal para la conclusión a que llegó la insuficiencia de cierto documento para establecer el título en dicho común causante.

El demandado admite que él deriva su título de un tal León Vicente.

[1] El escrito a que antes nos hemos referido es un reconocimiento formal otorgado en julio 26, 1887, ante un notario público por doña Paula Núñez Cartagena, de edad y viuda, a favor de León Vicente. El notario en un preámbulo certifica sobre su conocimiento de los comparecientes y al final del documento y antes de las firmas expresa que el mismo fué otorgado en presencia de testigos de él conocidos, mencionando sus nombres, y que fué leído en voz alta a presencia de todos, quienes estuvieron conformes con el mismo y al ser informados de su derecho a leerlo por sí mismos renunciaron a ese privilegio. Se hace referencia en el cuerpo

del documento al compareciente don León Vicente. El mero hecho de que León Vicente no firmara el documento no viciaba su admisión de que las manifestaciones contenidas en el mismo eran verdaderas y correctas.

La manifestación así hecha por la Sra. Núñez fué al efecto de que su esposo, Lorenzo Rodríguez, antes de su muerte, estando adeudando a doña Petrona López la suma de $150 representada por pagarés, le dió en pago 1½ cuerdas de terreno en el barrio de Matión Abajo (describiéndolas), y asimismo su dicho esposo, uno o dos años antes de su muerte, entregó a dicha Petrona López 9 cuerdas de terreno, más o menos, en el mismo barrio y en el de Toíta (describiéndolas); que la dicha Petrona López continuó en la posesión de dicho terreno hasta su fallecimiento, pasando el mismo entonces a manos de su hijo León Vicente, quien en adelante continuó en su posesión a título de dueño; que en este supuesto y a instancias de dicho León se hacía el reconocimiento en cuestión con el fin de que la verdad sobre todos estos hechos constara en todo tiempo y que el dicho León pudiera hacer tal uso de la declaración como estimara conveniente.

[2] No podemos convenir con el abogado del apelado en que este documento demuestra una posesión adversa por parte de Vicente en 1887. Sí demuestra que él estaba en posesión en esa época como hijo y heredero de su difunta madre, y en virtud de tal título, adversamente a la Sra. Núñez. Pero de ello no se desprende que tal posesión y título de dominio fueran adversos a los co-herederos y co-propietarios, asumiendo para los fines de la discusión, pero sin resolverlo, que tal posesión pudiera en algún caso convertirse en dominio. El reconocimiento hecho por la Sra. Núñez de un traspaso anterior por su marido fué para todos los fines y propósitos prácticos una escritura de renuncia pedida y aceptada por Vicente como un abandono y desprendimiento de cualquier derecho, título o interés en el terreno que a la muerte de doña Petrona López había pasado a sus hijos, incluyendo a dicho Vicente. Las manifestaciones con

respecto a los dos traspasos anteriores por el marido eran claramente admisiones contra interés en tanto en cuanto a la viuda se refiere y estaban por lo tanto dentro de esta bien conocida excepción a la regla sobre prueba de referencia.

En la contestación se admite que el demandado está en posesión de seis cuerdas, parte de las 9 cuerdas descritas en la demanda.

La principal dificultad que hemos tenido no ha sido tanto con respecto a los méritos del caso, como con respecto a la condición de los autos, debido a la forma en que el caso fué llevado en la corte inferior.

No creemos necesario entrar en detalles y mencionamos este aspecto de la cuestión meramente a manera de indicación de que no hemos pasado por alto los fundamentos técnicos por los cuales la sentencia pudo haber sido confirmada sin entrar en los méritos.

[3] Hubo amplia prueba oral al efecto de que Petrona López estaba en posesión de la finca descrita en la demanda a la fecha de su muerte y desde algún tiempo antes, que a su fallecimiento la finca pasó a manos de uno de los hijos llamado Irene y más tarde a poder de León Vicente, quien continuó en posesión de la misma hasta su muerte, y que el demandado, quien parece haberse casado con una hija de León Vicente, se halla al presente en posesión de la misma finca. Esta prueba oral también tiende a demostrar que la posesión por parte de Petrona López era en su carácter de dueña, aunque aparentemente por una lamentable falta de familiaridad con las reglas de evidencia la demostración en este sentido deja mucho que desear. Sin embargo, considerando todas las circunstancias, no estamos en posición de decir, que, independientemente de las manifestaciones contenidas en el documento antiguo primeramente mencionado, no fuera suficiente para establecer un caso *prima facie*. *Sucesión de Arrarás v. Figueroa et al.*, 31 D.P.R. 664.

*La sentencia apelada debe ser revocada.*